[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this negligence action brought to this court and returnable on January 15, 1991 a default for failure to appear was granted by the court against the defendant on January 31, 1992. Thereafter, the case was set down for a hearing in damages and referred to the undersigned on July 1, 1992.
The plaintiff, a father of nine children, testified about the accident which occurred on December 22, 1988, at a private drive located at 990 Huntington Avenue in Waterbury. He stated that he went into the salvage area to investigate a report that a person was taking pictures of the area. He stated that the defendant jumped into her vehicle, a small foreign car, when he approached. He held up his hands to signal the defendant to stop. She stopped and he approached her vehicle and asked if he could help her. He placed his hand inside the rear window which was open about three inches and asked her to roll down the window. She became frightened and moved the car forward to leave the area and in doing so, ran over the plaintiff's foot, but she apparently was unaware that she had run over his foot. He reported the incident to the police as a hit and run accident.
The plaintiff submitted a report of Dr. John A. Salerno in which it was reported that the plaintiff had a left foot strain and a fourth finger strain. An X-ray taken showed degenerative changes in the left foot. However, no acute boney abnormalities were shown. No bills for these services were submitted into evidence. The right hand X-rays were completely normal. The plaintiff was advised to return for reevaluation, but failed to return to the doctor's office on December 3, 1988 and January 19, 1989, as scheduled, and the doctor was unable to give a final disposition on the case. CT Page 6499
The plaintiff consulted a podiatrist, Dr. Peter T. LaBarbera, on September 22, 1990, complaining of a paronychia of the right big toe and a deformed left big toe nail. The plaintiff incurred medical expenses of $60.00 for the first visit and $40.00 for the visit of October 6, 1990.
The plaintiff complains of knee swelling and problems occasioned by the knee pain in driving his truck in the conduct of his junk and salvage business. However, no medical evidence was introduced to relate the present knee and leg problems to the incident involving the toe almost 2 years before. The court must therefore conclude that there is no sufficient proof of the causal relationship between the plaintiff's present problems and the incident of December 22, 1988.
After an evaluation of all the evidence submitted by the plaintiff, a Judgment may enter for the plaintiff to recover from the defendant Two Thousand Five Hundred Dollars ($2,500.00) damages plus his costs.
O'BRIEN, STR